1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN MUSA MACK, | Case No. 2:18-cv-09095-MWF-JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| F. PEREZ, et al., | |
| Defendants. | |

## I.   BACKGROUND AND SUMMARY

On October 23, 2018, plaintiff Hassan Musa Mack, a state prisoner who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"), filed a Civil Rights Complaint ("Complaint") apparently pursuant to 42 U.S.C. § 1983 against officials connected with the inmate classification committee at the California Men's Colony where plaintiff was previously housed.

As plaintiff is a prisoner proceeding IFP on a civil rights complaint against governmental defendants, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. §1997e(c).

1    On March 17, 2020, the Magistrate Judge issued an Order Dismissing

2    Complaint with Leave to Amend and Directing Plaintiff to Respond to Order

3    ("March Order").[1]  The March Order advised plaintiff that the Complaint was

4    deficient for reasons described in the March Order, dismissed the Complaint with

5    leave to amend, and directed plaintiff, within fourteen days (*i.e.*, by March 31,

6    2020), to file one of the following:  (1) a first amended complaint which cures the

7    pleading defects described in the March Order; (1) a notice of dismissal; or (3) a

8    notice of intent to stand on the Complaint.[2]  The March Order expressly cautioned

9

10    [1]Absent consent by all parties, including unserved defendants, a magistrate judge cannot

11    issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d

12    994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017)
      ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate

13    judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. §
      636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a

14    non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (emphasis
      added).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without

15    the approval of a district judge.  See id. at 797 ("While the magistrate can dismiss complaints

16    with leave to amend, the district court necessarily must review that decision before dismissing
      the entire action."). Additionally, a plaintiff who disagrees with a magistrate judge's order,

17    including a nondispositive order dismissing a pleading with leave to amend, may file an
      objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015);

18    see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these

19    nondispositive matters . . . can be compelled upon objection of the party against whom the
      magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).  The March Order expressly

20    notified plaintiff that (1) the March Order constituted non-dispositive rulings on pretrial matters;

21    (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review
      from the District Judge within a specified time frame; (3) to the extent a party believed that the

22    rulings were dispositive, rather than non-dispositive, such party had the right to object to the
      determination that the rulings were non-dispositive within a specified time frame; and (4) a party

23    would be foreclosed from challenging the rulings in the March Order if such party did not seek

24    review thereof or object thereto.  (March Order at 20 n.6).

25    [2]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with

26    citation to authorities, that the Complaint (1) violated Rule 10 of the Federal Rules of Civil
      Procedure because it did not name all (or indeed any) of the parties in the caption or allege

27    claims in sequentially numbered paragraphs, each limited as far as practicable to a single set of

28    circumstances; (2) failed to state a viable claim for damages against defendants, to the extent
      (continued...)

2

plaintiff that the failure timely to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the March Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the March Order.  The foregoing March 27, 2020 deadline expired without any action by plaintiff.  Plaintiff has not sought review of, or filed any objection to the March Order and has not communicated with the Court since it was issued.

As discussed below, this action is dismissed due to plaintiff's failure to comply with Rule 10 of the Federal Rules of Civil Procedure, his failure to state a claim for relief, his unreasonable failure to prosecute and his failure to comply with the March Order.

## II.   PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert.

---

[2](...continued)
sued in their official capacities, because an official capacity suit is the equivalent of a suit against the State which has sovereign immunity and as to which the Eleventh Amendment bars such relief; (3) failed to state an Eighth Amendment claim because the Complaint does not allege that defendants were aware of and intentionally disregarded a substantial risk to plaintiff's safety; (4) failed to state a Section 1983 claim based on the handling of plaintiff's inmate grievances because, among other reasons, a prison official's processing of an inmate's appeals, without more, cannot serve as a basis for Section 1983 liability; (5) failed to state a Fourteenth Amendment Due Process claim because, among other things, inmates generally do not have a liberty interest in being assigned a particular security classification and there was no indication that plaintiff's classification inexorably impacted some other protected liberty interest, and plaintiff did not allege a deprivation of a constitutionally adequate procedure; and (6) failed to state a Fourteenth Amendment Equal Protection claim because plaintiff did not plausibly allege that any defendant intentionally discriminated against him based upon his membership in a protected class, or that a defendant intentionally treated similarly situated individuals different than plaintiff without a rational relationship to a legitimate state purpose.

1  denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th
2  Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable
3  failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356
4  F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P.
5  41(b) proper sanction in cases where a plaintiff is notified of deficiencies in
6  complaint and is given "the opportunity to amend [the complaint] or be dismissed"
7  but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

8       In determining whether to dismiss an action for failure to prosecute or failure
9  to comply with court orders, a district court must consider several factors, namely
10 (1) the public's interest in expeditious resolution of litigation; (2) the court's need
11 to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy
12 favoring disposition of cases on their merits; and (5) the availability of less drastic
13 alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to
14 prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).
15 Dismissal is appropriate under the foregoing analysis "where at least four factors
16 support dismissal . . . or where at least three factors 'strongly' support dismissal."
17 Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations
18 omitted).

19      Where a plaintiff is proceeding *pro se*, however, the court must first notify
20 the plaintiff of the deficiencies in the complaint so that the plaintiff has an
21 opportunity "to amend effectively."  Ferdik, 963 F.2d at 1261 (citation omitted).  In
22 addition, where a Magistrate Judge originally dismissed the complaint with leave to
23 amend, the District Judge must review that decision before dismissing the entire
24 action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss
25 complaints with leave to amend, the district court necessarily must review that
26 decision before dismissing the entire action.").  A district judge may not dismiss an
27 action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to
28

4

1    file an amended complaint) or for unreasonable failure to prosecute if the initial

2    decision to dismiss a complaint was erroneous.  <u>Yourish v. California Amplifier</u>,

3    191 F.3d 983, 992 (9th Cir. 1999) (citing <u>id.</u>).

4    **III.   DISCUSSION AND ORDER**

5         First, the Court has reviewed the March Order and finds that it adequately

6    and properly notified plaintiff of the deficiencies in the Complaint and afforded him

7    an opportunity to amend effectively.  This Court agrees with and adopts the March

8    Order, and finds that the Magistrate Judge properly dismissed the Complaint with

9    leave to amend for the reasons discussed therein.

10        Second, as explained in the March Order, the Complaint violates Rule 10

11   because, among other things, it does not (1) name all (or indeed any) of the parties

12   in the caption; or (2) allege claims in sequentially "numbered paragraphs, each

13   limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(a)-

14   (b) (emphasis added).  As plaintiff has been afforded an opportunity to comply with

15   Rule 10 and has not done so, dismissal on this basis is appropriate.  <u>See, e.g.</u>,

16   <u>Ferdik</u>, 963 F.2d at 1263 (affirming dismissal of action based on failure to comply

17   with court order that complaint be amended to name all defendants in caption as

18   required by Rule 10(a)), <u>cert. denied</u>, 506 U.S. 915 (1992).

19        Third, as also explained in the March Order, the Complaint fails to state a

20   claim for relief against any defendant.  The March Order explained in detail what

21   plaintiff needed to do to cure the deficiencies in his pleading, ordered plaintiff to

22   respond to the March Order by filing a first amended complaint which cured the

23   identified pleading defects, or filing a notice of dismissal, or filing a notice of intent

24   to stand on Complaint, and cautioned plaintiff that his failure timely to respond to

25   the March Order may be deemed his admission that amendment is futile and may

26   result in the dismissal of this action on the grounds identified in the March Order,

27   on the ground that amendment is futile, for failure diligently to prosecute, and/or for

28   failure to comply with the March Order.  In light of plaintiff's failure to file any

1    response to the March Order as expressly directed or to communicate with the
2    Court since its issuance, this Court deems such failure plaintiff's admission that
3    amendment of the Complaint is futile and concludes that plaintiff is unable or
4    unwilling to draft a complaint that states viable claims for relief.  See, e.g., Knapp
5    v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and
6    repeatedly refuses to conform his pleadings to the requirements of the Federal
7    Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.")
8    (emphasis in original), cert. denied, 135 S. Ct. 57 (2014).  Accordingly, dismissal of
9    the instant action based upon plaintiff's failure to state a claim is appropriate.

10          Fourth, dismissal is appropriate based upon plaintiff's failure to comply with
11   the March Order and the failure to prosecute.  The Court has considered the five
12   factor discussed above – the public's interest in expeditious resolution of litigation,
13   the court's need to manage its docket, the risk of prejudice to defendants, the public
14   policy favoring disposition of cases on their merits, and the availability of less
15   drastic alternatives.  The first two factors – the public's interest in expeditiously
16   resolving this litigation and the Court's interest in managing the docket – strongly
17   weigh in favor of dismissal.  As noted above, plaintiff has been notified of the
18   deficiencies in the Complaint and has been given the opportunity to amend it, to
19   dismiss it, or to notify the Court that he wishes to stand thereon.  He has done
20   nothing.  See Edwards, 356 F.3d at 1065.  The third factor, risk of prejudice to
21   defendants, also weighs strongly in favor of dismissal.  See Anderson v. Air West,
22   Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from
23   unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring
24   disposition of cases on their merits, is greatly outweighed by the factors in favor of
25   dismissal discussed herein.  As for the fifth factor, since plaintiff has already been
26   cautioned of the consequences of his failure to prosecute and his failure to comply
27   with the March Order, and plaintiff has been afforded the opportunity to avoid such
28   consequences but has not responded, no sanction lesser than dismissal is feasible.

See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's failure to comply with Rule 10 of the Federal Rules of Civil Procedure, his failure to state a claim, his unreasonable failure to prosecute and his failure to comply with the March Order.

IT IS SO ORDERED.

DATED: May 11, 2020

_____

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE